# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| v. ) | Case Nos.  CIV-16-445-D |
| ) | CR-14-4-D |
| ARDIS ANN GLOVER, ) | |
| ) | |
| Defendant/Movant. ) | |

## ORDER

On January 8, 2014, Defendant was charged with one count of bank robbery, in violation of 18 U.S.C. §2113(a). On February 25, 2014, pursuant to a Plea Agreement, Defendant pled guilty to the Indictment. As part of her plea, Defendant agreed to, *inter alia*, waive her right to appeal, collaterally challenge, or move to modify her sentence and the manner in which the sentence was determined, provided the sentence was within or below the advisory guideline range. Plea Agreement, ¶ 8 [Doc. No. 22]. Based on her Presentence Investigation Report (PSIR) [Doc. No. 31], Defendant was determined to be a "career offender" under United States Sentencing Guideline (USSG) § 4B1.1 in light of her current bank robbery conviction and prior convictions for (1) assault and battery with a dangerous weapon and (2) bank robbery. PSIR at 7-9. Defendant's guideline imprisonment range was 151 months to 188 months. *Id*. at 17. The Court adopted the PSIR without change, and Defendant

was sentenced to a term of sixty-six (66) months' imprisonment with two (2) years of supervised release.

Before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Mot.") [Doc. No. 1]. Relying on the Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), Defendant challenges the career offender enhancement of her sentence under the "crimes of violence" provision in USSG § 4B1.1.[1] Defendant contends that *Johnson* and *Welch v. United States*, __ U.S. __, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016) require the Court to either vacate, set aside or correct her sentence. The United States moves to dismiss Defendant's action on the grounds that, pursuant to the terms of her Plea Agreement, Defendant waived her right to collaterally attack the sentence. Moreover, the government contends Defendant's action has been foreclosed by the Supreme Court's recent decision in *Beckles v. United States*, __ U.S. __, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017).

The Court need not address whether Defendant waived her right to collaterally attack her sentence because it finds Defendant is not entitled to relief in light of *Beckles*. In *Beckles*, the Supreme Court rejected a void-for-vagueness challenge to

---

[1] *See* Mot. at 4, ¶ 12 ("I was sentenced as a 'career offender' under the guidelines for prior convictions based on 'crimes of violence.'"). Because Defendant is proceeding pro se, the Court construes her filings liberally, but will not act as her advocate in constructing her arguments and searching the record. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

2

the residual clause in the Guidelines and held that "the Guidelines are not subject to vagueness challenges under the Due Process Clause." 137 S.Ct. at 892. "Unlike the [Armed Career Criminal Act]," the Court reasoned, "the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id*. In light of *Beckles*, Defendant's contention that *Johnson* and *Welch* require the Court to revisit her career offender sentence imposed under § 4B1.1 is without merit, and accordingly, denied.

Therefore, Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 1] is **DENIED** as set forth herein. A judgment shall be issued forthwith.

**IT IS SO ORDERED** this **8th** day of May 2017.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE